439 F.2d 349
 Fed. Sec. L. Rep. P 92,948
Ruth Finer FRIEDMAN, Plaintiff-Appellant,
v.
BACHE & CO., Inc., a New York Corporation, Defendant-Appellee.
No. 30250 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 18, 1971.
 
 Michael Nachwalter, Kelly, Black, Black & Kenny, P.A., Miami, Fla., for plaintiff-appellant.
 Michael J. Cappucio, Fowler, White, Humkey, Burnett, Hurley & Banick, P.A., Miami, Fla., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Florida; William O. Mehrtens, District Judge. 321 F.Supp. 347.
 Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ruth Finer Friedman appeals from an order of the district court granting the motion of Bache & Co., Inc., for a directed verdict. We affirm.
 
 
 2
 Mrs. Friedman brought suit against Bache, her stock brokerage firm, on the theory that Bache had violated 10 of the Securities Exchange Act of 1934, 15 U.S.C. 78j, and Regulation 10b-5 of the Securities Exchange Commission, 17 C.F.R. 240.10b-5. Her complaint charged that Bache had violated its duty as a broker to treat its customers with fairness and good faith by twice 'freezing' her account-- that is, refusing to allow her to withdraw funds or securities and refusing to execute her buy and sell orders. Bache answered her complaint with the contention that it had acted lawfully in restricting trading in Mrs. Friedman's account. It pointed out that the first restriction was imposed as a protective measure because Mrs. Friedman and Bache had been named as defendants by Mrs. Friedman's parents in a lawsuit charging them with the unlawful conversion of certain securities. The second restriction occurred when Bache discovered that Mrs. Friedman owed it $8,423.02 in connection with the purchase of certain securities for her account. Moreover, Bache argued, any controversy that may have existed at one time between the parties over the restrictions on Mrs. Friedman's account had been settled by Mrs. Friedman's execution of two releases. Bache asserts that these releases are valid and binding and a bar to the present lawsuit. Mrs. Friedman countered with the allegation that the releases were invalid for duress. At the conclusion of the plaintiff's evidence, the district court granted Bache's motion for a directed verdict, and Mrs. Friedman appealed.
 
 
 3
 On appeal Mrs. Friedman presents five contentions: (1) the district court erred in directing a verdict at the close of her case; (2) there was sufficient evidence to present jury questions as to whether Bache's conduct violated 10 of the Securities Exchange Act and Regulation 10b-5; (3) the releases were invalid under 29(a) of the Securities Exchange Act, 15 U.S.C. 78cc(a); (4) the releases were invalid for duress; and (5) Mrs. Friedman had suffered damages as a result of Bache's unlawful conduct.
 
 
 4
 We have carefully reviewed the briefs and the record and conclude that there is no merit to Mrs. Friedman's contentions. For the reasons expressed in its memorandum opinion, we affirm the judgment of the district court. See Friedman v. Bache & Co., Inc., S.D.Fla.1970, 321 F.Supp. 347.
 
 
 5
 Affirmed.